**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| JUAN RIVERA LOPEZ and JAIME LOPEZ RAMIREZ, |
| Plaintiffs, |
| v. |
| JOE VIN ENTERPRISES LLC dba UNCLE HENRY'S BAR AND GRILL, VINCENT KING, and JOSEPH KING |
| Defendants. |

**COMPLAINT**

## PRELIMINARY STATEMENT

1.      Plaintiffs Juan Rivera Lopez ("Mr. Rivera") and Jaime Lopez Ramirez ("Mr. Lopez") bring this lawsuit against defendants in order to enforce their rights to be properly and lawfully paid under the federal Fair Labor Standards Act (FLSA) and the  New York Labor Law ("NYLL").

2.      Plaintiffs were employed in defendants' restaurant, Uncle Henry's Bar and Grill, in Harrison, New York, , until April 2016. Mr. Rivera was employed as a cook and Mr. Lopez was employed first as a dishwasher, then as a cleaner, prep cook, and night cook. Plaintiffs performed difficult work for long hours, but did not receive the pay to which they were legally entitled. Though plaintiffs worked between 55 and 60 hours per week, defendants failed to pay plaintiffs the overtime rate of one and one-half times the normal rate for hours worked in excess of 40 in a week throughout their years of employment.

3.      Plaintiffs further seek to vindicate their rights under NYLL to receive the legally-required wage notices of their pay rates and pay stub information with their wages.

## I.     JURISDICTION AND VENUE

4.      The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 216(b).

5.      In addition, the Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, because those claims arise out of the same common nucleus of operative fact as the federal claim.

6.      Plaintiffs' state law claims are so closely related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because all of the acts of which give rise to plaintiff's claims occurred in Harrison, Westchester County, New York, in this District.

## II.     PARTIES

### A.   Plaintiffs

8.      Mr. Rivera is an adult individual who currently resides in New Rochelle, New York.

9.      Mr. Rivera was hired by defendants in 2005. He was employed by them until he resigned on April 23, 2016.

10.      At all times relevant to this action, Mr. Rivera was an "employee" of defendant as defined in NYLL § 190(2) and 12 NYCRR §§ 142-2.14, 146-3.2.

11.      Mr. Lopez is an adult individual who currently resides in Mamaroneck, New York.

- 2 -

12.     Mr. Lopez was hired by defendants in 2008. He was employed by them until he resigned on April 21, 2016.

13.     At all times relevant to this action, Mr. Lopez was an "employee" of defendant as defined in NYLL § 190(2) and 12 NYCRR §§ 142-2.14, 146-3.2.

**B.  Defendants**

14.     Uncle Henry's Bar and Grill ("Uncle Henry's") is a restaurant located at 309 Halstead Avenue in Harrison, New York.

15.     Joe Vin Enterprises is a domestic business corporation, doing business as Uncle Henry's Bar and Grill, that was formed in May 1996 under the corporation laws of the state of New York.

16.     Upon information and belief, brothers Vincent King and Joseph King are the owners of Uncle Henry's Bar and Grill.

17.     Upon information and belief, Uncle Henry's has engaged and continues to engage in interstate commerce within the meaning of the FLSA at all times relevant herein, in that it: (i) has had and continues to have an annual gross volume of sales of not less than $500,000 at all times relevant to this action; and (ii) has had and continues to have employees working with goods and materials that have been shipped into this state from other states.

18.      At all relevant times, defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19.     At all times relevant to this action, defendants were "employers" and "employed" plaintiff as defined by 29 U.S.C. § 203(d), NYLL §§ 2(6), 190(3) and 651(6).

**IV.     FACTS**

20.     Mr. Rivera's job duties at Uncle Henry's include cooking and preparing food.

21.     Mr. Lopez's job duties include cleaning, preparing food to be cooked by others, and cooking.

22.     Defendants agreed to pay plaintiffs an hourly wage.

23.     At all times relevant to this action, plaintiffs were regularly scheduled by defendant to work more than 40 hours per week.

24.     At all times relevant to this action, plaintiffs worked between 50 and 60 hours per week. Mr. Rivera worked an average of approximately 60 hours per week, and Mr. Lopez worked an average of approximately 55 hours per week.

25.     Plaintiffs did not receive one and one-half times their hourly rate for hours they worked in excess of 40 in a week.

26.     Plaintiffs frequently worked more than 10 hours in a single day.

27.     Plaintiffs were never paid an additional hour at the minimum wage rate for days in which they worked in excess of 10 hours.

28.     Plaintiffs did not receive at the time of hiring or any subsequent time a wage notice in English or in Spanish,  the plaintiffs' primary language, containing information outlined in NYLL § 195(1), including information such as the rate of pay.

29.     Plaintiffs did not receive weekly wage stubs or statements containing information required by NYLL § 195(3), including information such as dates of work, rates of pay for regular and overtime hours, and number of regular hours and overtime hours worked. Wage stubs that they did receive did not reflect the actual hours they worked.

## FIRST CAUSE OF ACTION
### FLSA – Federal Overtime Compensation Violations

30.    Pursuant to 29 U.SC. § 207(a)(1), defendants were required to pay plaintiffs

overtime compensation at not less than one and one-half times their regular rate of pay for all

hours worked in excess of 40 hours per week.

31.    Defendant willfully, regularly and repeatedly failed to pay plaintiffs the

appropriate overtime compensation for each hour worked in excess of 40 hours in a workweek as

required by 29 U.S.C. § 207(a)(1).

32.    As a result of defendants' unlawful acts, plaintiffs have been deprived of

overtime compensation in amounts to be determined at trial, and are entitled to recovery of such

amounts, an additional equal amount as liquidated damages, reasonable attorney's fees, costs,

and other compensation pursuant to 29 U.S.C. § 216(b).

33.    Defendants' violation of the FLSA was intentional and willful.  Defendants knew

or should have known that the practices described above were unlawful.

34.    Defendants failed to make a good faith effort to comply with federal wage laws.


## SECOND CAUSE OF ACTION
### NYLL Article 19 – Overtime Compensation Violations

35.    Defendants have failed to pay plaintiffs overtime wages to which they are entitled

under the NYLL Article 19 § 650 *et seq*., and the supporting New York State Department of

Labor Regulations.

36.    Defendants failed to pay plaintiffs overtime at a wage rate of one and one-half

times their regular rate of pay.

37.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records

of time worked by plaintiff.

38.     Defendants' violations of the NYLL have been willful and intentional.

39.     Due to defendants' NYLL violations, plaintiffs are entitled to recover from defendants unpaid overtime, liquidated damages, reasonable attorney's fees, costs, and pre-judgment and post-judgment interest.

40.     Defendants' violation of NYLL was intentional and willful.  Defendants knew or should have known that the practices described above were unlawful.

41.     Defendant failed to make a good faith effort to comply with state wage laws.


### THIRD CAUSE OF ACTION
### NYLL- Spread of Hours Pay Violations

42.     Defendants have willfully failed to pay plaintiffs additional compensation of one hour's pay at the minimum hourly wage rate for each day during which they worked more than 10 hours.

43.     By failing to pay plaintiffs spread-of-hours pay, defendants have willfully violated NYLL Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor regulations.

44.     Due to defendant's violations of the NYLL, plaintiffs are entitled to recover from defendant their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

45.      Defendant's violation of NYLL was intentional and willful.  Defendant knew or should have known that the practices described above were unlawful.

46.     Defendant failed to make a good faith effort to comply with state wage laws.


### FOURTH CAUSE OF ACTION
### NYLL- Notice and record-keeping requirements

47.     Defendants failed to make, keep, and preserve accurate records with respect to plaintiffs, including hours worked each workday and total hours worked each workweek, as required by NYLL Art. 19 §§ 650 *et seq*., and supporting regulations.

48.     Defendants failed to provide plaintiffs with a wage notice in English and the employees' primary language (in this case, Spanish) at the time of hiring, containing information outlined in NYLL § 195(1), including information such as the employees' rate of pay and any allowances claimed as part of the minimum wage.

49.     Defendants failed to provide plaintiffs  with an accurate wage statement with every payment of wages containing information outlined in NYLL § 195(3), including information such as the dates worked, number of regular and overtime hours worked, and rate of pay.

50.     As a result of defendants' violations of NYLL § 195(1) and (3), plaintiffs are entitled to recover damages of 50 dollars for each day defendant failed to provide the employee with a wage notice, as well as 250 dollars for each workweek defendant failed to provide the employee with a wage statement, not to exceed a total of 5,000 dollars for each violation, together with costs and reasonable attorney's fees in accordance with NYLL § 198.

51.     Defendants' violation of NYLL was intentional and willful.  Defendants knew or should have known that the practices described above were unlawful.

52.     Defendants failed to make a good faith effort to comply with state wage laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs seek the following relief:

A.      Unpaid minimum wages and overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA;

B.      Unpaid wages and overtime pay, and an additional and equal amount as liquidated damages pursuant to the NYLL;

C.      Unpaid spread of hours pay due and an additional and equal amount as liquidated damages pursuant to the NYLL;

D.      50 dollars for each day that defendant failed to provide a Wage Notice in violation of NYLL § 195(1), or a total of 5,000 dollars, as provided for by NYLL Article 6 § 198(1)-d;

E.      250 dollars for each workweek that defendant failed to provide a wage statement in violation of NYLL § 195(3), or a total of 5,000 dollars, as provided for by NYLL Article 6 § 198(1)-b;

F.      Liquidated damages for retaliation pursuant to NYLL Article 7 §215(2)(a)

G.      Appropriate equitable and injunctive relief to remedy violations, including but not limited to, an order enjoining defendant from continuing their unlawful practices;

H.      Pre-judgment interest and post-judgment interest as provided by law;

I.      Reasonable attorney's fees, costs, and expenses; and

J.      Such other relief as this Court shall deem just and proper.


Respectfully submitted,


__/s/ Amanda Bransford____
Amanda Bransford, Esq.

**EMPIRE JUSTICE CENTER**
Amanda Bransford, Esq.
30 S. Broadway, 6th Floor
Yonkers, NY 10701
(914) 595-0910
abransford@empirejustice.org

Peter Dellinger, Esq.
1 West Main Street #200
Rochester, NY 14614
(585) 295-5811
pdellinger@empirejustice.org

Attorneys for plaintiffs

Dated: Yonkers, New York
        November 7, 2016